## JOHN CURL *versus* FRANCIS C. LOWELL.

In the case of a lease strictly at will, an entry by the landlord upon the demised premises and notice given by him to the tenant to quit, are sufficient, without expelling the tenant, to put an end to the lease and revest the possession in the landlord.

If a declaration in trespass contain two counts for the same trespass, and the defendant plead the general issue to both and a special plea in bar to one of them, and a verdict be found for him on the special plea, he is entitled to a verdict on the general issue likewise.

In strictness, an opinion expressed by the judge upon a question of fact on trial before a jury, is not open to exception ; but if the party against whom it operates, yields to it and does not choose to argue against the weight of it, the Court may, in its discretion, grant a new trial, if the opinion was incorrect.

WILDE J. delivered the opinion of the Court.* This is trespass for breaking and entering a certain shop in Tremont street, in Boston, in the lawful occupation of the plaintiff, and for pulling down the shop and turning him, with his goods, furniture and effects, into the public highway. A second count contains the same allegation, with further aggravations, viz. loss of rent, and exposure and spoiling of the plaintiff's goods.

*March 13th.*

The defendant pleads, 1. the general issue to both counts ; and 5. that the defendant was seised in fee of the premises, and let the same to John Paul to hold as tenant at will, who afterwards assigned all his interest therein, with the defendant's consent, to the plaintiff, and that he accordingly entered ; that afterwards, on the 13th of August, 1835, the defendant terminated the tenancy by giving the plaintiff notice to quit, and on

* *Putnam* J. did not sit in the cause.

the 22d of the same August, made an open and peaceable entry thereon, and revested in himself the possession thereof; and that on the 30th of August, after having allowed the plaintiff a reasonable time to quit the premises, the defendant peaceably and quietly entered in and upon the premises, and doing no unnecessary damage to the plaintiff's goods and effects, removed the goods and effects from the premises; which he avers to be the same trespasses, &c.

To the 1st plea the plaintiff joins issue; and, in respect to the 5th, he traverses the averment that on the 22d of August the defendant made an open and peaceable entry, in and upon the premises, and revested in himself the possession, &c., and concludes to the country.

On the trial of these issues, the plaintiff proved, that on the 24th of August, 1835, he was in possession of the premises, when the defendant entered on the premises and forcibly took down the building, and removed the plaintiff's effects into the street.

The defendant proved, that on the 13th of August he entered in and upon the premises, took possession thereof, and gave notice to the defendant's servant to tell the plaintiff to quit and clear out his effects immediately, and that a written notice to the same effect was given by the defendant to the plaintiff on the 22d of August. And the judge who presided at the trial was of opinion, that this evidence was sufficient to maintain the issue on the 5th plea for the defendant, and that as there was but one trespass proved, the first issue also should be found for the defendant. On this opinion being intimated, a verdict was taken accordingly for the defendant on both issues, by consent, subject however to the opinion of the whole Court, whether the facts proved do in law constitute a defence.

The first objection is, that the defendant's entry on the premises without expelling the plaintiff, did not revest the possession.

That the defendant had a right to enter and determine the tenancy at any time, by the principles of the common law, cannot be questioned; for this was in terms, and by the express agreement of the plaintiff, a tenancy at will in the strictest sense; and in such case no notice to quit is necessary. The

defendant, by the principles of the common law, might at any time enter and determine the tenancy, although a reasonable time should be allowed the plaintiff to remove, before the defendant could rightfully expel him. If therefore there had been no notice to quit on the 13th of August, the entry was lawful, and consequently by operation of law the possession was revested in him. The expulsion of the plaintiff was not necessary, and indeed would not be justified if there had not been a notice to quit previously, in pursuance of the statute. If that notice terminated the tenancy at will, then the plaintiff was a tenant at sufferance, and the defendant might after entry maintain trespass against him. So that it seems very clear, that the defendant by his entry became lawfully possessed of the premises, and the issue is maintained in his favor.

The same general principle applies in cases of disseisin. If the disseisee makes a feoffment and enters on the land, he having a right of entry, and delivers livery and seisin on the land, without expelling the disseisor, the feoffment is valid ; and this is a much stronger case than the case of a mere tenant at will.

The jury therefore were clearly bound to find the issue on the 5th plea for the defendant ; and that plea is a full and lawful justification of the supposed trespass. It is averred in the 2d count, that the defendant entered forcibly and spoiled and destroyed the plaintiff's goods and effects. This however is denied in the plea, and the plaintiff, if he meant to rely on these averments, should have replied *de injuriâ*, *&c.* with the general traverse. But if he had so replied, the evidence would not support these averments, for the report states that the defendant proved that the plaintiff's effects were moved out of the building with care, the plaintiff and his man assisting in the removal ; so that the plaintiff, on this second count, must have failed, whatever might have been the state of the pleadings.

The defendant also objects to the opinion intimated by the presiding judge at the trial, in respect to the first issue. This objection seems to depend on the question, whether more than one supposed trespass was committed, and this was a question of fact for the jury. And strictly, no opinion of the Court on a question of fact is open to exception. Nevertheless, if an

opinion in such a case is suggested, and the party against whom the opinion operates yields to the opinion, not choosing to argue the question against the weight of the opinion, the Court might, in their discretion, and generally would, order a new trial, if the opinion were incorrect. But in the present case we cannot perceive any mistake in the opinion of the judge It was said, *arguendo*, that two trespasses were proved, or one proved and another admitted. But most clearly this cannot be maintained. And I am not surprised that the plaintiff's counsel should not have inclined to go to the jury on such a point. It would have been a little difficult to convince the jury that here were two trespasses committed, that the building was twice pulled down, and that the acts justified and the acts proved were not identical. To sustain this point, the plaintiff must rely on some technical point of law. But I am not aware of any rule of pleading by which the defendant can be considered as having admitted there were two supposed trespasses He admits one and justifies it, and he denies the fact as to the other, if two were intended to be charged ; and it is a little re markable, that in the present case it does not appear that two trespasses were intended to be charged. It is not formally averred that there were two different trespasses ; both counts charge the same trespass, the second count adding only some further matter of aggravation or special damages. The second count does not allege that the trespass therein charged was other and different from the trespass charged in the first count or that the one was before or after the other. So that the inference is fair, that the same trespass was intended to be charged, with some variation of circumstances. We do not however decide the point on this distinction, for we should come to the same result if it had been averred that the trespasses were committed at different times, the time, in this action, not being material. And it would make no difference if the law would permit the plaintiff to sustain two actions of trespass on the evidence introduced. For suppose he could maintain an action charging the defendant with taking and carrying away the plaintiff's goods in one count, and taking down the building in another, still, as the defendant has justified both

charges, the plaintiff cannot recover without proof of another trespass not justified.

*Judgment on the verdict.*

*Cooke*, for the plaintiff.
*C. P. Curtis* and *B. R. Curtis*, for the defendant.